ALMERIA IRRIGATION CANAL COMPANY, APPELLEE, V.
TZSCHUCK CANAL COMPANY ET AL., APPELLANTS.

FILED JANUARY 21, 1903.    NO. 12,522.

Commissioner's opinion, Department No. 3.

1. **Contract:** IRRIGATION COMPANIES: LIEN RESERVED. A contract
entered into between two irrigation companies by the terms of
which one company sells and conveys its canal to the other,
reserving a lien on the property sold as security for a balance
of the consideration remaining unpaid, may, in default of the
payment of such consideration, be foreclosed as a mortgage.

2. ———: ———: ———: PAYMENT IN WATER RIGHTS: FORECLOSURE
OF LIEN. The contract provided that that part of the considera-
tion secured by a lien on the property should be paid in water
rights issued to the vendor or to such party or parties as the
vendor should designate, and such latter-named parties were
also to have a lien on the property for their security. *Held*,
That on foreclosure of the contract and a sale of the property,
the lien of such parties would still continue as against the
purchaser at the foreclosure sale.

3. **Purchasing Company:** IRRIGATION CANAL. The purchasing com-
pany owned an irrigation canal constructed through the country
below the canal which it had purchased, and after the purchase
connected the two so that they became one system. *Held*, That
the lien reserved by the vendor company might, notwithstand-
ing this, be foreclosed and that part of the canal covered by
said lien sold.

4. **Water Rights:** PURCHASERS' RIGHTS. Parties owning water
rights purchased from the vendee company along the lower
part of the canal sought to intervene in the action. *Held*, That
they had no such right or interest in the foreclosure proceed-
ings as entitled them to do so.

APPEAL fro. ˙e district court for Loup county. Ac-
tion for accou:     ˙d foreclosure under a contract, with
a prayer for gen     equitable relief. For judgment, see
opinion. Heard be. .v before PAUL, J. *Affirmed.*

*Edward W. Simeral* and *A. S. Moon,* for appellants.

*Alphonso M. Robbins, contra.*

Syllabus by court; catch-words by editor.

DUFFIE, C.

This is an appeal from a decree entered by the district court for Loup county declaring a contract entered into between one of the appellants and appellee for the sale of an irrigation canal a mortgage, ordering a foreclosure of the same and a sale of the property described in the contract. The appellants did not preserve the evidence taken on the trial by a bill of exceptions, and we have nothing before us but a copy of the pleadings and the decree entered, and can therefore only consider and determine whether the decree is supported by the pleadings in the case.

The petition and the contract made between the parties a copy of which is attached as an exhibit, are quite voluminous and we will endeavor to set out the substance of each without copying the same at length. It is alleged in the petition that the Almeria Irrigation Canal Company is a corporation and that on June 17, 1897, it was the owner and operator of an irrigation canal in Loup county commencing at the point of diversion and connecting with the North Loup river in the northwest quarter of section 24, township 22, range 20, and running thence southeasterly across certain lands which are particularly described; that on said date it entered into a contract with the defendant, which is also an irrigation company, for the sale to the latter of said canal for the sum of $6,250, $1,000 of which was paid in cash and the balance was to be paid in water or water rights, either annual or perpetual; that these rights were to be furnished by the defendant to the plaintiff, or to such parties and at such times as the plaintiff might designate, and at prices which were agreed on and set out in the contract; that for its security the plaintiff should have a good and valid lien upon all the property conveyed, which should not be impaired in any manner by any incumbrance by the defendant company, and which lien might be enforced in case of default made in the payment of the $5,250, in manner and form as provided in the contract, by proceedings either at law or in

equity, and the same lien and right to enforce the same should extend to the holder of any water-right certificates. The contract further provided that in order to protect the security the defendant company would, until payment in full of the consideration, keep said canal in a good state of repair and not allow the same to go to waste, etc. It is then alleged that the defendant company has made default in performing the contract according to its terms, and instances of failure to furnish water and water rights and to keep the canal in repair and good condition are recited. It is claimed that there is still unpaid on the contract the sum of $4,663.12, for which a decree was asked and allowed by the court.

We have no doubt that this contract, which specially reserves a lien in favor of the plaintiff, may be foreclosed by proceedings in equity upon default in payment, and that when such default occurs the payments should be treated as a money demand for the purpose of foreclosure proceedings. It will be noticed that by the terms of the contract the water rights, in which the $5,250 still due upon the contract was to be paid, were to be issued to the plaintiff or to such parties as the plaintiff might designate. The petition discloses that certain water-right certificates were, at the request of the plaintiff, issued to certain parties living along the line of the canal, and it is insisted that the rights of these parties and of other parties holding water rights owning land further south than this canal extended, but along the line of a canal connecting with it and constructed by the defendant, who sought to intervene in the action, were not protected by the court in its decree.

We will hereafter notice the case made by the parties seeking to intervene in the action, and now dispose of the claim made that the decree is faulty in not protecting the interest of the parties who held water rights issued to them at the instance of the plaintiff and in part payment of the consideration named in the contract. These parties, by the express terms of the contract, held a lien on the

canal for their protection. This lien was given them by the contract which was being foreclosed and it was not sought in this action to cut off or in anywise affect this lien. If the plaintiff should become the purchaser of the canal on a sale made to satisfy the decree, we think on equitable principles it would be compelled to recognize this lien, which is given by the very instrument on a foreclosure of which it obtains title, and no third party purchasing at the sale could acquire a better right than could the plaintiff itself. The foundation of the title of a purchaser at the foreclosure sale is the instrument which gives these parties a lien on the canal for their protection, and until that lien is divested by some proceeding in which they are made parties their rights can not be affected.

It seems from the matters disclosed by the record and by the briefs of counsel, that prior to the making of this contract between the parties the Tzschuck Canal Company had commenced and partially completed a canal which lay south and east of the one sold to it by the plaintiff; that this canal was originally intended to parallel the plaintiff's, and to connect with the Loup river at or near the point where plaintiff's ditch did or was to connect with that river. There was apparently some trouble between the two companies over the right to take water from the river, and this may have been the occasion of the sale and contract. The plaintiff's canal is about eleven miles in length, and after the sale the defendant company made a connection between the one which it was constructing and the one purchased from the plaintiff, thus forming a ditch some thirty-three miles in length, the part constructed by the plaintiff being, as before stated, about eleven miles in length, while the part constructed by the defendant is about twenty-two miles in length. Several parties living along the line of that part of the ditch constructed by the defendant company, had purchased water rights from the defendant, and these parties sought to intervene in the action and filed peti-

tions setting up the facts and showing to the court that the whole water supply on which they must depend came from the Loup river through that part of the canal constructed by the plaintiff, and that to foreclose the lien claimed by the plaintiff and sell that part of the canal covered by the lien would in effect destroy the use of the larger part of the canal. An estoppel as against the plaintiff to enforce its lien was also claimed on the ground that at the time of making the sale the plaintiff knew that the defendant company had expended a large sum of money in constructing its ditch and had sold a large number of water rights, and that by making the sale and allowing the two canals to become connected and consolidated, the plaintiff had implicitly agreed that those parties living adjacent to that part of the canal constructed by the defendant company should have at all times free flowage of water through the part so sold. The court sustained a demurrer to these intervening petitions and this is alleged as error.

We do not think that the interveners have any cause of complaint from the action of the court. If it were to be conceded that an implied agreement of the kind asserted by the interveners could be read into a written contract plain and express in all its terms, there is still no reason to believe that the plaintiff or any other purchaser at the foreclosure sale would refuse to carry it into full effect. Until the parties have been wronged, until their rights are invaded, they have no cause for complaint and no cause to trouble the court or the other parties to the suit with matters which are not at present a grievance and may never grow into a legal cause of complaint.

The appellants insist that instead of foreclosing its lien and selling the property the plaintiff should apply for a receiver to take charge of the property, repair the same and put it in operation, such receiver to carry out the contract according to its terms. It is also urged that by the purchase of the canal constructed by the plaintiff, that canal and the one made by the defendant became con-

solidated and must now be regarded as a unit, no part of which can be separately sold and allowed to pass into the control of a party who might attempt to operate it independently of the part not sold; that the public interest requires the canal to be operated as a whole and not divided in sections, each independent of the other. This question has arisen in cases where a railroad company has executed separate mortgages on distinct divisions of its line to separate parties. In such case, where the whole line is covered by the separate mortgages and all the mortgagees ask a foreclosure of their lien, and the circumstances of the case satisfy the court that a sale of the whole property as a unit will be most beneficial to all concerned, then the road is ordered sold as a whole and the fund divided among the several parties. Judge Bradley, in *Campbell v. Texas & N. O. R. Co.*, 2 Wood [U. S. C. C.] 263, 269, a case where different divisions of a railroad were mortgaged to separate parties, remarked: "Cases often occur when a sale of the property out and out and a subsequent adjustment of claims upon the fund is the only just method which can be pursued. But whenever a specific property on which a separate incumbrance exists can be sold separately, without injury or sacrifice of that or other property, it ought to be thus sold, so as to secure to every incumbrancer, if practicable, the right of protecting his security without involving himself in onerous engagements, or being subjected to onerous conditions, and if a decree is made in plain disregard of this rule, I think it ought to be corrected." In the same paragraph of the opinion he says: "It seems to me, however, to be very material to a party holding a first incumbrance on property, not to be deprived of the right of bidding that property up to the amount of his claim. This he can not do when the property is sold together with other property, or when his right to priority is left in dispute." In the present case but one section of the canal was incumbered, and that alone is the only part which the court could affect by its decree. We know of no way open to the court

to sell the whole canal, and we know of no legal principle which can be invoked to change the contract made by the parties themselves or to prevent its enforcement.

Section 47, article 2, chapter 93a, Compiled Statutes of 1901 (Annotated Statutes, sec. 6801), in our opinion, is a clear grant of power to make the mortgage in question, and being a legal mortgage, it should be enforced in the usual and ordinary way. As irrigation canals are made works of internal improvement, they are subject to public control and legislation the same as other works of that nature, and the rights of those parties owning land covered by the lower part of this canal, if not recognized by the purchaser of that portion ordered sold by the decree, can in future proceedings for that purpose be fully protected.

We recommend the affirmance of the decree.

Ames and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.